## WISWALL *vs.* KNEVALS, HALL & TOWNSEND.

1. Secondary evidence of the contents of a writing is not admissible, unless the absence of the writing itself is first accounted for.
2. The *ex parte* statements or declarations of a third person are not admissible evidence in proof of the fact to which they relate.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

SEWALL, for the plaintiff in error:

1. The plaintiffs' case shows that they were not entitled to recover. There was no contract with the defendant, Wiswall, nor with any one authorised by him to make a contract. It was solely with the son, who was under age; and it is the settled rule, that "a father is not liable for clothes furnished his

son, without some proof of a contract on his part, express or implied."—Rolfe v. Abbott, 25 Eng. Com. Law R. 400; Blackburn v. Mackey, 11 ib. 295; Fluck v. Tallemache, 11 ib. 296.

2. The first and second exceptions should be sustained, for a part of the evidence offered was clearly competent and should have gone to the jury. Mr. Hessee was the agent of Wiswall in Mobile in this matter, and Silliman acted for him in New Haven. Hessee took the son on and left him with Mr. Silliman, and wrote all the letters from Mobile, and kept copies and testified from the copies which he kept. Was not Hessee competent to show the contents of these letters? He was clearly competent to testify to the other matters within his knowledge, but his whole testimony was rejected. Besides, the fair inference from the bill of exceptions is that the instructions to Silliman were communicated to the plaintiffs, while they were furnishing the goods to the young man for which they sue. The evidence showed that Silliman, in January 1847, gave instructions to the plaintiffs *not to credit the son of the defendant.* This was proper evidence, and would at least bar the plaintiffs from recovering so much of their bill as accrued after that date. The bill accrued from Sept. 8, 1846, to Aug. 19, 1847—about *four* months of it before that date, and *seven* months, or nearly *two-thirds* of it, after that time. The judgment is for the whole bill. When evidence is competent to support the issue, it ought not to be rejected.—Driver v. Spence, 1 Ala. 540; Harral v. Floyd, 3 ib. 16.

PARSONS, J.—The defendants in error brought an action of assumpsit against Joseph Wiswall, in the Circuit Court of Mobile, to recover the amount of a bill of clothing which was furnished by the defendants in error, who were merchant tailors, to Mr. Wiswall's son, a minor, who was at New Haven, preparing for college. It is stated in the bill of exceptions, generally, that there was evidence on the trial, that Mr. Silliman was employed by the defendant below to take charge of his son, while in New Haven, and act for him, and that he received money from the defendant to pay his son's expenses. It is further stated by the bill of exceptions, that "the defendant then offered to prove by Mr. Hassel, that B. Silliman, jr. was a special agent for the defendant in New Haven and the scope of his au-

thority—that the defendant's son was put under his charge with special instructions—that Mr. Silliman was to provide what was proper and necessary for him and make all expenditures on his own account—that by an arrangement between the defendant and Mr. Silliman, the young man's expenses for the first year were not to exceed about eight hundred dollars, and for the subsequent years, six hundred dollars per annum : That out of this annual allowance the clothing for the young man was not to exceed one hundred dollars a year, and his pocket money not to exceed fifty dollars a year.. The witness stated that the appointment of Mr. Silliman and the instructions given him were in letters written by the witness to Mr. Silliman, at the request of Mr. Wiswall. The letters were not produced, nor was it shown that they were lost or destroyed." This evidence was excluded by the Circuit Court, and that is now assigned as error. But we are not able to see the smallest error in excluding secondary evidence, because the best was not produced, or its absence accounted for. The defendant below next offered a letter from Mr. Silliman, to prove certain facts stated in the letter, and that was excluded. We can see no error in that. The defendant below offered to prove what Mr. Silliman had said at a particular time, and this was excluded. There was no error, we think, in that.

The judgment is affirmed.